United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 15-11126-amc
Melissa Rose                                                              Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2    User: Randi           Page 1 of 1              Date Rcvd: Apr 12, 2017
                       Form ID: pdf900        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 14, 2017.
db             +Melissa Rose,    6612 Leeds Street,    Philadelphia, PA 19151-3028

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 14, 2017                              Signature:  /s/Joseph Speetjens

___

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 12, 2017 at the address(es) listed below:
      ANDREW F GORNALL    on behalf of Creditor    PNC Bank, National Association
       agornall@kmllawgroup.com,  bkgroup@kmllawgroup.com
      BRIAN CRAIG NICHOLAS    on behalf of Creditor    PNC Bank, National Association
       bnicholas@kmllawgroup.com,  bkgroup@kmllawgroup.com
      BRUCE J. TRAWICK    on behalf of Debtor Melissa  Rose brucejitzi@gmail.com,    srowe@dc33lsp.org
      THOMAS I. PULEO    on behalf of Creditor    PNC Bank, National Association tpuleo@kmllawgroup.com,
       bkgroup@kmllawgroup.com
      United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
      WILLIAM C. MILLER    ecfemails@ph13trustee.com,  philaecf@gmail.com
      WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER ecfemails@ph13trustee.com,
       philaecf@gmail.com
                                                                                                               TOTAL: 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Melissa Rose | Debtor | CHAPTER 13 |
| PNC Bank, National Association | Movant | |
| vs. | | NO. 15-11126 AMC |
| Melissa Rose | Debtor | |
| William C. Miller Esq. | Trustee | |
| | | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$7,239.94**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | January 1, 2016 through December 1, 2016 at $417.11 |
| | January 1, 2017 through March 1, 2017 at $410.95 |
| Suspense Balance: | ($29.23) |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$7,239.94** |

2. The Debtor shall cure said arrearages in the following manner;

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$7,239.94**.

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$7,239.94** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim;

3. Beginning with the payment due April 1, 2017 and continuing thereafter, Debtor shall pay the present regular monthly payment of **$410.95** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month). Maintenance of current monthly mortgage payments to the Movant thereafter.

4. Should debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

6. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date:   March 20, 2017

By: /s/ Thomas I. Puleo
Thomas I. Puleo, Esquire
Attorney for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: 4/7/17

Bruce J. Trawick, Esquire
Attorney for Debtor

William C. Miller Esq.   JACK MILLER
Chapter 13 Trustee

Approved by the court this __12th__ day of __April__, 2017. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan